## MEMORANDUM OF POINTS AN AUTHORITIES

## I.   INTRODUCTION

Through the instant lawsuit, Plaintiff will establish that Defendant Deutsche Bank National Trust Company, a federally chartered banking institution, as Trustee on behalf of INDYMAC INDA MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR3 under the Pooling and Servicing Agreement dated October 01, 2006 ("DBNTC") was not his true creditor and as such have no contractual right to legal, equitable, or pecuniary interests in the debt obligation secured by the real property that is the subject of these proceedings.

Contrary to the unfounded and unsupported allegations by the Defendants the pending action is NOT a foreclosure defense case, and in fact the Plaintiff has filed the pending action to determine the identity of his creditor, establish that the Defendants including DBNTC are NOT his creditors, and thus have no standing to assert any right under the underlying Note and Deed of Trust, and to recover his related damages. The attempt by the Defendant to ignore the issue of standing and focus on an the purported "default" of the loan contract ignores the threshold issue asserted in the pending cause of action, i.e., whether or not the Defendants are in fact the true creditors of the Plaintiff with standing

to undertake any action against Plaintiff and/or his property. The Defendants

Foreclosed on Plaintiff's property without any right to do so.

The Defendant has filed a Motion to Dismiss Plaintiff's First Amended

complaint based primarily upon arguments and authorities previously

addressed by this Court, and by the Plaintiff in preparing his First Amended

Complaint; Defendants did not even take the time to edit to make relevant to

this case.

For instance, the Memo of P's & A's ISO Motion to Dismiss refers to

DBTNC as if Defendants forgot to review properly their pleading mistaking in

Deutsche Bank National Trust Company, a federally chartered banking

institution, as Trustee on behalf of INDYMAC INDA MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2006-AR3 under the Pooling and

Servicing Agreement dated October 01, 2006's name. See, e.g., Memo of P's

& A's ISO Motion to Dismiss, pp. 2:18.

The Defendants continue attempt to set the theme of this case as a

"**foreclosure defense**" type case, when in fact this is simply a case of under

**Contract Law**, and the Plaintiff's ongoing attempt to determine the party with

appropriate standing to claim an interest in the Note and Deed of Trust that

secures the Subject Property.

Several facts plead in the First Amended complaint give rise to the issues raised by the Plaintiff, and ignored in the pending motion:

1) "DBNTC" was not properly assigned at the time of the sale, nor at any time thereafter; and

2) Contrary to the assertions by the Defendant a Plaintiff DOES have standing to contest a failed attempt to securitize his Note, as clearly set forth in *Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4[th] 1079.

3) Contrary to the assertions by Defendant this is not a "Foreclosure" defense case, and is a case based on CONTRACT, and the Plaintiff seeks to determine the identity of his creditor, and if, as alleged, it is not the Defendants, collect the damages caused to his as a result of the conduct complained of;

4) OneWest Bank, FSB was never assigned any interest under Plaintiff's note/Deed of Trust however OneWest Bank, FSB is named in the Notice of Default recorded on April 29, 2013 as document number 2013-02644502. OneWest Bank, FSB's wrong doing starts with appearing in a document used to wrongfully foreclose Plaintiff's property without been assigned any right of Plaintiff's note/Deed of Trust. See RFJN, Ex. F.

5) The January 1, 2013 effective date of the Homeowners Bill of Rights served to effectively overrule the majority of the authorities cited by Defendant, and Defendant's reliance on old law and stale cases dooms the motion to failure.

If this Court accepts the Plaintiff's plausible factual assertions in the light most favorable to the non-moving party, the Plaintiff, that the Defendants' are not the Plaintiff's creditors then they have no rights under the Note and Deed of Trust and the arguments asserted by the Defendants are both irrelevant and simply an obfuscatory tactic to hide the fact that they have no demonstrable pecuniary interest in the Note and Deed of Trust, and are simply pretending to be the Plaintiff's creditor.

The Plaintiff has filed a case primarily premised on Contract Law, and to serve the Plaintiff's ongoing attempt to determine the party with appropriate standing to claim an interest in the Note and Deed of Trust that secures the Subject Property given the fact that the identity of the original lender is unknown, and the chain of ownership of any interest in the Note and Deed of Trust is unknown.

II. <u>**STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**</u>

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (Citation omitted). The standard

for dismissal under Rule 12(b)(6) is a stringent one. "[A] complaint shall not be dismissed for failure to state a claim unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of her claim which would entitled her to relief." *See Hartford Fire Ins. Co. vs. California* 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added); *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).   The purpose of a motion under Federal Rule 12(b)(6) is to test for formal sufficiency of the statement of the claim for relief in the complaint. *See Rutman Wine Co. v. E & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *See, Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). It is *not* a procedure for resolving a contest about the facts or the merits of the case.

In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Furthermore, more recently the U.S.

Supreme Court has held that to survive a motion to dismiss, a complain must contain sufficient factual matter, accepted as true, that would "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 55 US 544 (2007).

## II.   <u>LEGAL ARGUMENTS</u>

### A. <u>PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED IN ITS ENTIRETY.</u>

The Defendants offer a sweeping rejection of the Plaintiff's entire cause of action, and note, without citation or factual reference, that the entire First Amended complaint should be dismissed.

Based on the clear mandate of appropriate authorities, dismissal of the entire cause of action is clearly not an appropriate request. *Hartford Fire Ins. Co. vs. California* 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added);  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc*., 368 F.3d 1053, 1061 (9th Cir. 2004).

There is ample evidence that the Plaintiff's First Amended Complaint can be saved, to the extent necessary, by further amendment.  Leave to do so is certainly requested.

### B. **PLAINTIFF HAS STANDING TO CHALLENGE THE LEGITIMACY OF THE PURPORTED ASSIGNMENT OF THE DEED OF TRUST**

*Glaski v. Bank of America, National Association*, supra is the controlling authority. *Glaski* found that Plaintiff borrower had standing to challenge a beneficiary's authority to initiate the foreclosure.

The Plaintiff has alleged by plausible factual assertions that DBNTC did **NOT IN FACT** undertake the assignment of the Deed of Trust.

An essential aspect of the mortgage securitization process is that the Trust must obtain and maintain good title to the mortgage loans comprising the pool for that certificate offering.  This is necessary in order for the Trustee of the purportedly Securitized Trust to be legally entitled to enforce the mortgage loans in case of default. In addition to other required documentation to complete the Collateral File of any given loan, two documents relating to each mortgage loan must be validly transferred to the Trust as part of the securitization process – the promissory note and the security instrument (deed of trust or mortgage). In this case, on information and belief, neither document was ever validly transferred to Defendant DBNTC.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

In addition, the securitization trusts, including the Defendant herein are classified as REMIC TRUSTS under applicable tax regulations.

Internal Revenue Code, 26 CFR, Part 1, Section 850(F)(a)(1) provides that a REMIC TRUST may ONLY accept an asset into the trust RES before the published closing date of the REMIC TRUST. Any attempt to transfer an asset into the Trust Res AFTER the closing date constitutes a "Prohibited Transaction." The consequence to a REMIC TRUST for engaging in a "Prohibited Transaction" is a 100% penalty relative to the value of the asset transferred. And ANY taxpayer could claim a whistleblower reward equal to up to a 15% interest of the asset purportedly transferred to the REMIC TRUST by the simple filing of an IRS Form 211 with the Internal Revenue Service.

Defendant DBNTC claims the lender sold, assigned, or transferred its interest in the Note and Deed of Trust on    a date in the year 2013, well AFTER the requisite closing date of the Defendant Trust which was in four years before in the year 2006, thus admitting a violation of Internal Revenue Code, 26 CFR, Part 1, Section 850(F)(a)(1) and subjecting themselves to a tax equal to the value of the asset they purport to transfer.

The Plaintiff does not assert any right was created in his favor by the late purported "transfer" and instead asserts that any claims of transfer of the interest in the Note and Deed of Trust at a date that creates a 100% tax penalty

as against the Defendant is evidence of the falsification of that instrument and serves to establish that as yet unidentified third party agents and employees of the Defendant DBNTC have engaged in a pattern of fraud and deceit in seeking collection of Plaintiff' financial obligation when no such obligation was ever created in favor of DBNTC.

Here, Plaintiff alleges that the "true sales" never took place due to the failure to follow the basic legal requirements for the transfer of a negotiable instrument and thereby DBNTC, and more specifically the **INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR3**, did not acquire any legal, equitable, and pecuniary interest in Plaintiff' Note and Mortgage at any time, and in fact the Lender has never attempted to or actually accomplished any sale or assignment of the Note and Deed of Trust to DBNTC.

As a result, thereof DBNTC, which purported to be Plaintiff' creditor, actually has and had no secured or unsecured right, title, or interest in Plaintiff' Note and Mortgage, and has and had no right to collect mortgage payments, or demand mortgage payments, to record any document with the

**C. <u>THE STATUS OF THE DEFENDANT AS THE "HOLDER OF THE NOTE" IS DENIED BY PLAINTIFF'S PLAUSIBLE FACTUAL ASSERTIONS AND THEREFORE THE FIRST CAUSE OF ACTION FOR DECLARATORY</u>**

**RELIEF IS WELL FOUNDED AND SHOULD NOT BE DISMISSED**

As set forth in the Plaintiff's First Amended complaint, neither DBNTC nor OneWest Bank, FSB have a secured or unsecured legal, equitable, pecuniary or ownership interest in the lien evidenced by the Deed of Trust and in the property so secured, including a perfected or non-perfected ownership interest in the property.

At some time after October, 2006 Defendant DBNTC claims they have a secured enforceable interest in, and perfected lien against, the Plaintiff's Note, Deed of Trust and Property.

Thus, the competing allegations made by Plaintiff and Defendants above establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including ownership of the Property.

Accordingly, Plaintiff requests the Court make a finding and issue appropriate orders stating the named Defendants an none of the Doe Defendants, have any right or interest in Plaintiff' Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiff' mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever.

Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the parties because: (1) Plaintiff will be denied the opportunity to identify his true and correct creditor/lender and negotiate with them; (2) he will be denied the right to conduct discovery and have DBNTC's claims verified by a custodian of records who has personal knowledge of the loan and all transactions related to it; and (3) he will be denied the opportunity to discover the true amount he still owes minus any illegal costs, fees and charges.

Due to the actual case and controversy regarding competing claims and allegations, it is necessary that the Court declare the actual rights and obligations of the parties and make a determination as to whether DBNTC's claims against Plaintiff is enforceable and whether it is secured by any right, title or interest in Plaintiff' Property, and whether therefore the rights now claimed by Defendant DBNTC exist.

The Court should deny the Defendant's Motion to Dismiss the First Cause of Action.

## D. <u>THE CLAIM FOR DECLARATORY RELIEF DOES NOT FAIL.</u>

The Defendant again asks the Court to substitute the plausible factual assertions set forth in the Plaintiff's First Amended complaint with the

Defendant's factual assertions, and based this request on the Defendant's evaluation of the Plaintiffs' assertion as a "red herring." Such a substitution is inappropriate, and suggests the standard for review that is beyond that as set forth above, and as set forth in the Defendant's own Motion.

The controversy set forth in the Plaintiff's First Amended complaints goes beyond any hypothetical controversy and is well plead. To the extent the Court determines that additional facts are needed the claim for Declaratory Relief can be amended to correct any defect found by the Court, and leave is requested in this regard in order to allow the Plaintiff's claims to proceed.

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co. 312 U.S. 270 (1941). The United States Supreme Court further explained:

"A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot... The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests...It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."Aetna Life Ins. Co. of Hartford Conn. v. Haworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 464 (1937) (citations omitted).

Here, Plaintiff has alleged an actual case and controversy in connection with Defendant's actions that are present, ongoing and undoubtedly will continue in the future.

Defendant has previously, and continues to assert all rights and benefits under the Note and Deed of Trust that secures the Plaintiff's property *See* Seattle Audobon Soc'y v. Moseley 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by an interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so.")

Defendant still claims an interest in the Property, continues to seek collection of Plaintiff's mortgage payments, and would ultimately seek to undertake a non-judicial foreclosure to strip possession and ownership of Property from Plaintiff in the event the Plaintiff discontinued making the payments demanded.

The Defendant argues the nonexistence of an actual controversy between Plaintiff and Defendants yet clearly asserts all rights available to the Lender, whomever that is, under the Note and Deed of Trust and to keep the monies Plaintiff previously tendered to the Defendant. Where, as here, the Plaintiff has alleged Defendant has no standing to do so, clearly this creates a real and justiciable controversy for resolution by this Court.

Thus, Defendant's wrongs are both past and future, and it is the future behavior in particular from which Plaintiff seeks relief with his claim for declaratory relief

The Ninth Circuit has explained that while there is no bar to declaratory relief if legal remedies exist, a court's discretion should lead it to refuse to grant declaratory relief unless it would clarity the parties interests or relieve the uncertainty giving rise to the proceeding. U.S. v. Washington, 759 F.2d 1353, 1356-57 (9th Cir. 1985). The court upheld a declaratory relief claim in a similar action to this one, noting that there was a controversy over whether the assignment of a deed of trust was fraudulent, and the cause of action was not duplicative. *Schafer v. CitiMortgage* 2011 WL 2437267 (C.D. Cal June 15, 2011) at *4.

The Plaintiff acknowledges that given the other causes of action pending that declaratory relief may be unnecessary, however it would be premature to dismiss the cause of action at this point, and any shortcoming in the pleading can be easily remedied by amendment.

The Court should deny the Defendant's Motion to Dismiss the First Cause of Action.

### E. THE CLAIM FOR NEGLIGENCE DOES NOT FAIL BECAUSE DEFENDANTS LOANED NO MONEY TO PLAINTIFF AND IS NOT THE PLAINTIFF'S LENDER

The Defendant's arguments are again based on the factual fallacy that Defendants are the owner of the Plaintiff's debt. Based on the plausible factual assertions set forth in the Plaintiff's First Amended complaint, Defendant is NOT the owner of the Plaintiff's debt.

Defendant owes Plaintiff a duty of care because of their unconventional relationship with Plaintiff.

To the extent the Court may conclude that the Plaintiff has not adequately plead the nature and extent of the unconventional relationship or other aspects of his claim for Negligence the Plaintiff requests leave to amend the Complaint to set forth additional factual assertions that will serve to establish the relationship, as well as any elements the Court believes to be missing from the complaint to enable the Plaintiff to proceed with his First Amended complaint of Negligence.

Traditionally, a lender loaned money to a borrower and serviced the loan. Here, Defendants role is not "conventional" because the Defendant, as set forth by Plaintiff's plausible factual assertions, is acting as trustee for a trust and not the original lender who loaned or serviced Plaintiff's Loan.

The relationship between Defendant and Plaintiff is not indicative of a "conventional" lender-borrower relationship because the Defendant is not receiving the benefits from Plaintiffs Note and Mortgage. Instead, Defendants hold Plaintiff's payments for the benefit of the certificate holders, who are not entitled to said payments.

In addition, a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care. Das v. PHH, N.A. 186 Cal. App. 4th 727, at 741

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

(2010) citing Chazen v. Centennial Bank 61 Cal. App. 4th 532, 537 (1998).

Additionally, "[a] lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender..." Osei v. Countrywide Home Loans, 692 F.Supp.2d 1240, 1249 (2010).

In this instance, the Defendant loaned no money to the Plaintiff, and the lender-borrower -relationship is disputed, and is set forth by plausible factual assertions to not exist as between the parties. Accordingly, the Defendant cannot hide behind the protection afforded a "lender" when it was not in fact a lender of money to the Plaintiff.

In addition, the rule that a "lender" does not have a duty to a borrower is only a "general rule," and only applies to situations where a lender plays its conventional role. Teheny v. Wells Fargo Bank, N.A. 2010 WL 5394315 (E.D. Cal. 2010). Accepting the allegations of the Plaintiff's First Amended complaint, the Defendants have gone beyond the typical lender's role. Generally, Plaintiff has alleged that Defendants did not have the legal authority to demand payments from because the Note and Deed of Trust belong to a third party. If the Defendant was not the lenders legally authorized to collect payments from Plaintiff the general rule shielding actual lenders from liability would not apply.

While yet to be proven at trial, the Plaintiff has presented plausible allegations of misconduct that, if proven, would entitle her to relief Notwithstanding this allegation, the Plaintiff concedes that pleading of a claim for Negligence is a difficult cause of action to pursue, and the Plaintiff respectfully request leave to amend his First Amended

complaint to enable his to assert facts and circumstances that will establish his right to proceed in the face of any defect in their pleading found by the Court.

### F. PLAINTIFF'S QUASI CONTRACT CLAIM DOES NOT FAIL BECAUSE THERE IS NO EXPRESS BINDING AGREEMENT BETWEEN THE PARTIES

Plaintiff have specifically alleged Defendants were unjustly enriched to Plaintiff's detriment by accepting and retaining Plaintiff's payments without having an interest in Plaintiff's note and Deed of Trust. California Courts agree that if a plaintiff alleges that a defendant was unjustly enriched to his detriment he is allowed to seek restitution under a Quasi Contract claim. "[I]t is clear that California courts consistently permit a party to seek restitution under a variety of theories, including quasi-contract and constructive trust." See McKell v. Washington Mut. Inc., 142 Cal. App. 4th 1457, 1490 (2006); Louiseau v. VISA USA Inc., WL 4542896 (S.D. Cal. 2010). "Under the law of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another. [Citations.] A person is enriched if the person receives a benefit at another's expense. [Citation.]" McBride v. Boughton, 123 Cal. App. 4th 379, 389 (citing First Nationwide Savings v. Perry (1992) 11 Cal.App.4th 1657, 1662).

Defendant was unjustly enriched at Plaintiff's expense by accepting payments that it had no authority to collect. The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1592 (citing

Lectrodryer v. SoelBank, 77 Cal. App. 4th 723, 726 (2000)). Plaintiff alleges that she was not and is not paying their true creditor because the original lender 1) Did not exist, and is *unknown,* or, 2) sold the Note and Deed of Trust to another. Further, the purported assignment of the Note to the REMIC trust was done contrary to law, and the relevant Pooling and Servicing Agreement, and was therefore VOID (See *GLASKI,* supra,).

Defendants has and had no right to seek payments under the Note and Deed of Trust. As such, the Defendants collected mortgage payments they were not entitled to at the expense of Plaintiff. Therefore, under the unjust enrichment theory, Plaintiff has plead sufficient facts that Defendants are required to make restitution as a result of collecting his mortgage payments when they had no authority to do so.

Defendant's arguments in this regard fail. Defendant argues that a claim for quasi contract cannot lie where there is an express contract however, this ignores Plaintiffs allegations that the Defendants do not have an interest in the Note or Deed of Trust and thus are not a party to any contract with Plaintiff.

The Defendants have failed to establish the existence of any contractual relationship between the parties, while the Plaintiff has offered plausible credible factual assertions that deny the existence of any relationship. To the extent the Plaintiff has failed to offer factual assertions to the satisfaction of the Court, leave to amend is requested to correct any deficiency.

## G. **THE PLAINTIFF'S CLAIMS UNDER 15 U.S.C. SECTION 1692 DO NOT FAIL BECAUSE DEFENDANTS**

## ARGUMENTS ARE AGAIN BASED ON A FACTUAL FALLACY THAT IS UNSUPPORTED BY THE PLAINTIFF'S PLAUSIBLE FACTUAL ASSERTIONS

Defendant has violated the FDCPA in attempting to collect Plaintiff s debt when no debt is owed to Defendants.

Plaintiff has alleged through plausible factual assertions that Defendant's debt collection activities violated FDCPA because Defendant illegally attempted to collect on Plaintiff debt obligation when it had no authority, standing, or right to do so.

Accepting these plausible factual assertions, the Plaintiff claim under the FDCPA should be allowed to proceed since the debt Defendants seek to collect is not owed to Defendants, or one in privity with Defendants.

To the extent additional factual allegations are deemed necessary by the Court, the Plaintiff requests leave to amend any deficiency.

## H. PLAINTIFFS HAVE SUFFICIALY ALLEGED A CLAIM UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

The Unfair Competition Law (UCL) is codified in California Business and Professions Code Section 17200. The UCL prohibits any unlawful, unfair, or fraudulent business practice. The UCL is written in the disjunctive, which means a business act or practice can be alleged to be all or any of the three prongs. Berryman c. Merit Property Management, Inc. 152 Cal.App. 4th 1544, 1554 (2007).

The Defendants assert that it is attempting to collect a debt owed to the Defendants, however this specific assertion is the subject of a factual dispute which must be taken in contrast to the plausible factual assertions of the Plaintiff that sets forth that the Defendant is NOT collecting a debt it is owed.

Again, the Defendant also argues a logical fallacy to assert that the Plaintiff's First Amended complaint seeks the singular remedy of preventing a foreclosure sale. This is demonstrably false, as is clearly set forth in the Plaintiff's Complaint. The Plaintiff's complaint seeks to prevent the Defendant from asserting ANY rights under the relevant contracts because they have no standing to do so. Taking one of the contractual rights in isolation to the exclusion of the other contractual rights is simply a tactic designed to hide the fallacy of the Defendant's argument. From the first day of funding, the Note and Deed of Trust became an unknown debt because the original lender did not and does not exist.

Here, Plaintiff alleges Defendants have engaged in practices that are (1) unfair, (2) likely to deceive and (3) unlawful. Defendant has collected Plaintiff's payments with no right to do so. Furthermore, Plaintiff has stated facts constituting unlawful business practices. Plaintiff has alleged that the Defendants engaged in unlawful business practices by violating FDCPA.

Defendant's aforementioned conduct is unlawful and thus satisfies the "unlawful" prong of Cal. Bus. And Prof Code section 17200.

Also, it is against public policy and substantially injurious to engage in unfair debt collection practices as Defendants did here. "[T]he Supreme Court has not yet enunciated a legal test for unfairness in consumer actions under the unfair competition law. The courts of appeal have variously suggested that a practice is unfair if it offends an established public policy or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers,' and that unfairness is determined by weighing the utility of the practice against the gravity of the harm to the consumer." Kunert v. Mission Financial Services Corp. 1 Cal.Rptr.3d 589, 607 (2003). The harm to Plaintiffs and consumers in general greatly outweighs Defendant's unfair actions.

Defendant also engaged in "fraudulent" business practices. To state a claim for fraudulent business practices under section 17200, Plaintiffs need only demonstrate that "members of the public are likely to be deceived." Bank of the West v. Sup. Ct. 2 Cal.4th 1254, 1267 (1992) citing to Chem v. Bank of America 15 Ca1.3d 866, 876 (1976). Defendant's business pattern, collecting on a debt it has not right to, is extremely likely to deceive both Plaintiffs and the public.

A predicate for stating a cause of action under Cal. Bus. & Prof. Code section 17200 the Plaintiffs must, and in this case has, pleaded facts to support the underlying statutory violation.

Assuming the Court will upheld some or all of the Plaintiff's other claims, the section 17200 claim should be upheld under the unlawful prong. See Vogan v. Wells Fargo Bank, N.A. 2011 WL 5826016 at *6-7 (upholding section 17200 claim because the court had also upheld claim under the Truth in Lending Act, 15 U.S.C. section 1641(g)). The Plaintiff further asserts that the Defendant's actions may impact the "public" because the Defendant will ultimately caused multiple fraudulent documents to be recorded with the County Recorder, a public record.

The Plaintiff has therefore sufficiently plead his claim under the UCL, but to the extent the Court concludes additional factual allegations are required, the Plaintiff requests leave to amend his First Amended complaint.

## I. PLAINTIFF'S CLAIMS FOR ACCOUNTING DO NOT FAIL BECAUSE A FIDUCIARY RELATIONSHIP IS NOT REQUIRED TO PURSUE A CLAIM FOR ACCOUNTING

A "Fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). The elements for a claim for accounting are: (1) fiduciary relationship or other circumstances appropriate to the remedy; and (2) a balance due from the defendant to plaintiff that can only be ascertained by an

accounting. See Witkin, California Procedure, Pleadings, section 776, p 233 (4th ed.)

Defendants have held themselves out to be Plaintiff s creditors when in fact, as discussed above, they have no right to collect any payments from Plaintiff. Because Defendants have been enriched from this misrepresented relationship, a balance is due to Plaintiff for payments received by Defendants.

Plaintiffs do not know and could not know without an accounting, the balance due from Defendants because of the structure of the misrepresented relationship. Generally, a homeowner makes mortgage payments to the mortgage servicer. From there, the servicer retains a portion of the payment as a servicing fee and distributes the proceeds to the beneficiary. Because the beneficiary can change without notice to the homeowner, the homeowner is left in the dark as to whom each mortgage payment is distributed. An accounting is therefore needed. The Plaintiff cannot simply figure out the balance himself, nor should he have to.

In addition, the purpose for requiring an accounting is to "discover what, if any, sums are owed to the plaintiff' and that "an accounting may be used as a discovery device" Tessell v. McLoughlin 173 Cal. App. 4th 156, 179 (2009).

Because the Plaintiff has plead viable claims that are related to the same facts under which they are requesting an accounting, the Court should decline to dismiss the accounting claim, and to the extent that may be required, the Plaintiff requests leave to amend his complaint to allege additional facts, and/or tether his claims for an accounting to other causes of action.

## J. PLAINTIFFS' HAVE PROPERLY ALLEGED THEIR CAUSE OF ACTION FOR CANCELLATION OF INSTRUMENTS

Plaintiff is not disputing the existence of such documents but he is disputing the validity of the documents stated below.

There are in existence certain written instruments which purport to be:

a. Assignment of Deed of Trust dated March 21, 2013;

b. Notice of Default dated April 25, 2013 recorded with the San Diego County Recorder on April 29, 2013, with Document Number 2013-0264502.

c. Notice of Trustee's Sale dated July 23, 2013, recorded with the San Diego County Recorder on July 29, 2013, with Document Number 2013-0472377.

d. Trustee's Deed Upon Sale Recorded on September 03, 2013 with Document No. 2013-0546396.

As set forth in detail above, the Defendant DBNTC has and had no right, title, or interest in the relevant Note and Deed of Trust such that it could enjoy any of the benefits provided under said contracts, including declaring a default, and scheduling a "sale" of the Plaintiff' property.

Since Defendant DBNTC has and had no right to undertake the benefits conferred under the Note and Deed of Trust, the execution and recording of the documents identified above was without legitimacy, force or effect.

If the above documents are not cancelled the Plaintiff faces the loss of title and possession of his property, and additional pecuniary damages, and emotional distress.

## K. PLAINTIFF HAS PROPERLY ALLEGED HIS CAUSE OF ACTION FOR QUIET TITLE

The Defendant's only defense is that Plaintiff can't allege Quiet Title without tender. Defendants' claim that Plaintiff's Tender is deficient, and that tender is required is without legal or factual support. The Defendant incorrectly poses that a "foreclosure sale" has been undertaken with reference to the subject property. It has not, accordingly, tender is not required.

The Plaintiffs' complaint has set forth the authority and basis for the Tender offered, and relies on those authorities and assertions to establish that to the extent Tender may be required, the Plaintiff has performed as much as legally required. To the extent the Court believes additional Tender is required, the Plaintiff requests leave to amend his First Amended complaint.

## III.   CONCLUSION

The entirety of the Defendant's arguments in support of its Motion to Dismiss are based on the factual fallacy that they are the owners of the Plaintiffs' Note, and therefore entitled to the benefits under the Note and Deed of Trust. The Plaintiffs

have set forth plausible factual assertions that establish that the Defendant has NO

STANDING to demand or receive payments under the Note and Deed of Trust.

To the extent the Court dismisses any claim or allegation, the Plaintiffs respectfully

request an opportunity to amend their pleadings to cure any deficiency, to add

additional causes of action and or to rename any causes of action.

Respectfully submitted,
JOSEPH C. LA COSTA, ATTORNEY AT LAW

Dated: December 30, 2013                    By:   */s/ Joseph C. La Costa*
                                                  Joseph C. La Costa, Esq.
                                                  Attorney for Plaintiff,
                                                  Ricardo Macedo