UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MACEDO,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 13-cv-3068-W(BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING DEUTSCHE BANK, ONE WEST, AND MERS' MOTION TO DISMISS [DOC. 3]; AND**<br><br>**(2) TERMINATING AZTEC'S MOTION TO DISMISS AS MOOT [DOC. 7.]** |

　　　On August 16, 2013, Plaintiff Ricardo Macedo commenced this foreclosure action against Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), One West Bank, F.S.B. ("One West"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Aztec Foreclosure Corporation ("Aztec") in the San Diego Superior Court. Thereafter, Defendants removed this action to this Court. Deutsche Bank, One West, and MERS now collectively move to dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Aztec also independently moves to dismiss. Plaintiff opposes both motions.

//

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS WITH LEAVE TO AMEND** Deutsche Bank, One West, and MERS' motion to dismiss, and **TERMINATES AS MOOT** Aztec's motion to dismiss.

I.     LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

1  liable for the misconduct alleged." Id. "The plausibility standard is not akin to a
2  'probability requirement,' but it asks for more than a sheer possibility that a defendant
3  has acted unlawfully." Id. A complaint may be dismissed as a matter of law either for
4  lack of a cognizable legal theory or for insufficient facts under a cognizable theory.
5  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

6        Generally, courts may not consider material outside the complaint when ruling
7  on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
8  1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the
9  complaint whose authenticity is not questioned by parties may also be considered.
10 Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on
11 other grounds). Moreover, the court may consider the full text of those documents,
12 even when the complaint quotes only selected portions. Id. It may also consider
13 material properly subject to judicial notice without converting the motion into one for
14 summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

15
16 **II.   DISCUSSION**
17     **A.   Federal Rule of Civil Procedure 9(b)**
18       When a claim is "grounded in fraud and its allegations fail to satisfy the
19 heightened pleading requirements of Rule 9(b), a district court may dismiss the . . .
20 claim." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). To
21 satisfy the particularity requirement of Rule 9(b), "[a]verments of fraud must be
22 accompanied by 'the who, what, when, where, and how' of the misconduct charged."
23 Vess, 317 F.3d at 1106 (9th Cir.2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627
24 (9th Cir.1997)). Plaintiffs must plead enough facts to give defendants notice of the
25 time, place, and nature of the alleged fraud together with an explanation of the
26 statement and why it was false or misleading. See id. at 1107. Averments of fraud must
27 be pled with sufficient particularity as to give the defendants notice of the
28 circumstances surrounding an allegedly fraudulent statement. See In re GlenFed, Inc.

Sec. Litig., 42 F.3d 1541, 1547 (9th Cir.1994) (superceded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 429 n.6 (9th Cir.2001)). The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess, 317 F.3d at 1106 (quoting Bly–Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001)) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiff's 38-page FAC is difficult to decipher. It appears that Plaintiff brings this action in relation to some real property that he owns or owned. He alleges that someone fraudulently purported to assign the deed of trust that secured his loan from his lender to Deutsche Bank. (See FAC ¶ 26.) That interpretation is based on the following allegation in the FAC: "The Plaintiff does not assert any right was created in her [sic] favor by the late purported 'transfer' and instead asserts that any claims of transfer of the interest in the Note and Deed of Trust . . . is [sic] evidence of the falsification of that instrument and serves to establish that as yet unidentified third party agents and employees of . . . [Deutsche] have engaged in a pattern of fraud and deceit." (Id.) Plaintiff further alleges that "rogue employees" of Deutsche Bank executed "fabrications and forgeries" purporting to transfer his lender's interest in that trust. (FAC ¶ 31.) Throughout the FAC, Plaintiff also references "criminal violations," "the Mortgage Boom Era," the Internal Revenue Code, and other bits of information with questionable relevance to this action. (See FAC ¶¶ 2, 18, 24–25.)

The important allegation in Plaintiff's FAC is the one alleging that agents of Deutsche Bank fabricated the instrument assigning the deed of trust to Deutsche Bank. (FAC ¶ 31.) Each of Plaintiff's causes of action incorporates this allegation. (Id. at 31:13–42:26.) As a result, each of Plaintiff's causes of action is grounded in fraud. See Vess, 317 F.3d at 1103-04 (citing In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1404-05 (9th Cir.1996)) ("In cases where fraud is not a necessary element of a claim, a plaintiff

may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct[.] In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).")

Plaintiff fails to plead sufficient factual matter to give Defendants notice of the "time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading." See Vess, 317 F.3d at 1106. His averment of fraud lacks the required "'who, what, when, where, and how' of the misconduct charged." See id. (quoting Cooper, 137 F.3d at 627). Therefore, the Court concludes that dismissal of Plaintiff's FAC is appropriate for his failure to meet Rule 9(b)'s heightened pleading standard.

### B. Federal Rule of Civil Procedure 8

Rule 8 requires each plaintiffs to "plead a short and plain statement of the elements of his or her claim." Bautista v. Los Angeles Cnty, 216 F.3d 837, 849 (9th Cir. 2000). Rule 8 requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory").

"A complaint that fails to comply with Rule 8 may be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." Bravo v. Cnty. of San Diego, No. C 12-06460, 2014 WL 555195, at *2 (N.D. Cal. Feb. 10, 2014). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179. "Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized

into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8 is proper." Bravo, 2014 WL 555195, at *2 (citing McHenry, 84 F.3d at 1178).

As discussed above, Plaintiff's FAC is riddled with ambiguous allegations that are confusing, redundant, and oftentimes irrelevant. Upon reviewing the FAC, the Court had immense difficulty understanding the important points in Plaintiff's case. Though it very well is possible that the factual elements of the causes of action asserted are present, they are presented in a rather undecipherable manner. Thus, the FAC as currently constructed also fails to satisfy Rule 8's requirement for a short and plain statement of Plaintiff's case. Consequently, the Court also concludes that dismissal of Plaintiff's FAC is appropriate based on his failure to satisfy Rule 8.

## III.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS WITH LEAVE TO AMEND** Deutsche Bank, One West, and MERS' motion to dismiss (Doc. 3), and **TERMINATES AS MOOT** Aztec's motion to dismiss (Doc. 7). If Plaintiff wishes to file an amended complaint, he do so no later than **May 8, 2014**.

**IT IS SO ORDERED.**

DATE: April 17, 2014

**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California